JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17   0336

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Capanna

### DEFENDANTS
Francis J. Martin and Robert M. Kline

**(b)** County of Residence of First Listed Plaintiff    Carbon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jack Meyerson, Esq.
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, PA 9103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
01/20/2017

SIGNATURE OF ATTORNEY OF RECORD
Francis J. Martin, Pro se

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT

**17    0336**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 88 Nittany Drive, Albrightsville, PA 18210

Address of Defendant: 9001-9007 Crefeld Street, Philadelphia, PA 19118

Place of Accident, Incident or Transaction:   Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?        Yes☐   No **X**

*RELATED CASE, IF ANY:*

Case Number:   2:04-MC-00088        Judge   Faith Angell        Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

        Yes☐        No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

        Yes☐        No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

        Yes☐        No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

        Yes☐        No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify)   RETENTION OF JURISDICTION

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____

                        Attorney-at-Law                        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____        _____        _____

                        Attorney-at-Law                        Attorney I.D.#

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



**CASE MANAGEMENT TRACK DESIGNATION FORM**

JOHN CAPANNA :                 CIVIL ACTION
                   v. :
FRANCIS J. MARTIN and
ROBERT M. KLINE, ESQ. :      NO. **17   0336**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )
                   (Retention of Jurisdiction by Magistrate Judge Angel)

_____   _____   _____

**Date**               **Attorney-at-law**             **Attorney for**

_____   _____   _____

**Telephone**           **FAX Number**            **E-Mail Address**

**(Civ. 660) 10/02**



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CAPANNA | CIVIL ACTION |
| PLAINTIFF, | |
| v. | DOCKET NO: 17 0336 |
| ROBERT M. KLINE, ESQ., and | FILED |
| FRANCIS J. MARTIN | JAN 2 0 2017 |
| DEFENDANTS | KATE BARKMAN, Clerk<br>By _____ Dep. Clerk |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1446, Defendant, Francis J. Martin ("Martin"), with consent of Defendant, Robert M. Kline, Esquire ("Kline") (collectively "Defendants"), hereby removes this action from the Court of Common Pleas of Philadelphia County Pennsylvania to this Court, and in support thereof avers.

1. Removal is based on federal question jurisdiction, as the underlying agreement that is the basis of the complaint, and attached as an exhibit thereto, indicates that this Court and the Hon. Faith Angell, U. S. Magistrate Judge will retain jurisdiction over any and all issues.

2. This case was originally filed by Plaintiff John Capanna ("Plaintiff") in the Court of Common Pleas of Philadelphia County Pennsylvania.   A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

3. In the Complaint, Plaintiff alleges breach of, and makes reference to, a Release and Settlement Agreement (the "RSA").  A copy of the RSA is attached as Exhibit "A" to Plaintiff's Complaint.

4. Pursuant to Paragraph 2(d) of the RSA, the parties agreed that "the Honorable Faith Angell, U.S. Magistrate Judge will retain jurisdiction over this matter until the debt is fully discharged. Any and all issues under the terms of this Agreement will be brought to her attention."   Additionally, pursuant to Paragraph 7, "the parties consent to the sole jurisdiction of the United States District Court for the Eastern District of Pennsylvania."

5. Defendant Martin was served with the Complaint on or about December 21, 2016, and therefore this Notice of Removal is being timely filed within 30 days of service of Defendant Martin.   A copy of the docket entries in the Court of Common Pleas is attached hereto as Exhibit "B:.

6. This Notice of Removal is filed on behalf of Defendant Martin.

7. Defendant Kline (who was served with the complaint on or about December 8, 2016), without waiving any defenses, hereby consents to removal of this case to this Court.  A Joinder in Removal is attached hereto as Exhibit "C".

WHERFORE, Defendant Francis J. Martin respectfully requests that this civil action be, and is hereby removed to the United States District Court for the Eastern District of Pennsylvania, that this Court assume jurisdiction of this matter, and for such other and further relief as may be appropriate.

Respectfully submitted,

Date: January 20, 2017

Francis J. Martin, Defendant, pro se
9001-9007 Crefeld Street
Philadelphia, PA 19118
Tel. 215-242-3864

**EXHIBIT A**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2016**

E-Filing Number: 1611027832

**000886**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN CAPANNA | ROBERT M. KLINE ESQ |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 81 BRITTANY DRIVE<br>ALBRIGHTSVILLE PA 18210 | 7219 CRESHEIM ROAD<br>PHILADELPHIA PA 19119 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | FRANCIS J. MARTIN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 9001-9007 CREFELD STREET<br>PHILADELPHIA PA 19118 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

4F - FRAUD

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>NOV **11** 2016<br><br>**C. FORTE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>JOHN CAPANNA</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JACK A. MEYERSON | MEYERSON & ONEILL<br>1700 MARKET STREET SUITE 3025<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)972-1376 | (215)972-0277 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 16405 | jmeyerson@meyersonlawfirm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JACK MEYERSON | Friday, November 11, 2016, 06:27 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

MEYERSON & O'NEILL
Jack A. Meyerson, Esquire
Edward Skipton, Esquire
I.D. #'s 16405/309485
1700 Market St., Suite 3025
Philadelphia, PA 19103
(215) 972-1376
Attorneys for Plaintiff

THIS IS NOT A MATTER FOR
ARBITRATION. ASSESSMENT OF
DAMAGES HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
11 NOV 2016 08:27 pm
NORTE

|  |  |
|---|---|
| **JOHN CAPANNA**<br>81 Brittany Drive<br>Albrightsville, PA 18210<br><br>Plaintiff,<br><br>V.<br><br>**ROBERT M. KLINE, ESQUIRE**<br>7219 Creshcim Road<br>Philadelphia, PA 19119<br><br>and<br><br>**FRANCIS J. MARTIN**<br>9001-9007 Crefeld Street<br>Philadelphia, PA 19118<br><br>Defendants. | PHILADELPHIA COURT OF<br>COMMON PLEAS<br><br>Civil Action - Law<br><br>November Term, 2016<br><br>No. _____ |

**NOTICE**            **NOTICE TO DEFEND**            **AVISO**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

Case ID: 161100886

MEYERSON & O'NEILL
Jack A. Meyerson, Esquire
Edward Skipton, Esquire
I.D. #'s 16405/309485
1700 Market St., Suite 3025
Philadelphia, PA 19103
(215) 972-1376
Attorneys for Plaintiff

THIS IS NOT A MATTER FOR
ARBITRATION. ASSESSMENT OF
DAMAGES HEARING IS REQUIRED

| | |
|---|---|
| **JOHN CAPANNA** <br> 81 Brittany Drive <br> Albrightsville, PA 18210 <br><br>         Plaintiff, <br><br>    v. <br><br> **ROBERT M. KLINE, ESQUIRE** <br> 7219 Cresheim Road <br> Philadelphia, PA 19119 <br><br> and <br><br> **FRANCIS J. MARTIN** <br> 9001-9007 Crefeld Street <br> Philadelphia, PA 19118 <br><br>       Defendants. | PHILADELPHIA COURT OF <br> COMMON PLEAS <br><br> Civil Action - Law <br><br><br> November Term, 2016 <br><br><br><br><br> No. _____ |

## COMPLAINT

AND NOW COMES Plaintiff John Capanna ("Mr. Capanna, or "Plaintiff"), by and

through his undersigned attorneys, and files this Complaint against Defendants Robert M. Kline,

Esquire ("Mr. Kline," or "Defendant Kline") and Francis J. Martin ("Mr. Martin," or "Defendant

Martin"), and avers as follows:

1

Case ID: 161100886

## PRELIMINARY STATEMENT

1.      This is an action seeking recovery on a $125,000.00 state-court judgment ("the Judgment") issued to Mr. Capanna and against Defendant Francis J. Martin, and which arises out of Defendant Kline's holding in his IOLTA trust account funds belonging to Defendant Martin and periodically secreting minimal sums to Defendant Martin to cover his living expenses – all in an effort to conceal such assets from Mr. Capanna and render Mr. Martin judgement-proof, thus avoid having to pay the Judgment, in violation of Pennsylvania's Uniform Fraudulent Transfer Act ("PUFTA"), 51 Pa.C.S. §§5101 et seq.

## PARTIES

2.      Mr. Capanna is an adult individual who resides at 81 Brittany Drive, Albrightsville, Pennsylvania.

3.      Mr. Kline is an adult individual residing at 7219 Cresheim Road, Philadelphia, Pennsylvania who also maintains a Philadelphia Post-office box for business purposes.

4.      Mr. Martin is an adult individual residing at 9001-9007 Crefeld Street, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because they are Pennsylvania residents with regular and ongoing contacts with the Commonwealth of Pennsylvania pursuant to 42 Pa.C.S.A. §5301.

6.      Venue lies within Philadelphia County pursuant to Pa.R.C.P. No. 2179 because this Complaint stems, in whole or in substantial part, from events that took place in Philadelphia

2

County, Pennsylvania, and because Defendants have regular and ongoing business contacts with Philadelphia County.

## FACTUAL BACKGROUND

7.      On October 5, 1979, at the age of 20, Plaintiff Capanna was involved in a catastrophic accident which occurred while he was employed by Mobil Oil Company that resulted in severe and horrific burns over 90% of his body.

8.      Plaintiff was the recipient of a personal injury settlement; however, as a result of significant financial and psychological demands resulting from the earlier refinery accident (treatment for which included over seventy separate surgeries for burn grafting and related measures) he entered Chapter 11 Bankruptcy Court for the District of New Jersey in September 1997.

9.      On September 9, 1997, Plaintiff Capanna filed a Plan of Reorganization with the Bankruptcy Court, which appointed Defendant, Francis J. Martin, Plaintiff Capanna's cousin and a licensed Pennsylvania attorney at the time, as Disbursing agent, as mandated by the Rules of Bankruptcy Procedure.

10.     Shortly after the initiation of the Bankruptcy case, Plaintiff opened a Debtor in Possession bank account for which Defendant Martin had sole and exclusive signatory authority.

11.     During his tenure as the Disbursing Agent for Plaintiff's Debtor in Possession account, Defendant Martin made numerous transfers of monies to his own accounts without authorization from the Plaintiff or the Bankruptcy Court, converting a total amount of $527,249.46 from Plaintiff.

12.     In October of 2003, Plaintiff discovered Defendant Martin's misfeasance and filed a Complaint against Defendant Martin in the United States Bankruptcy Court for

3

misappropriation of funds and improper actions regarding Defendant Martin's duties as Disbursing Agent for Plaintiff's Debtor in Possession account.

13.     Defendant Martin never answered Plaintiff's Complaint and a Default Judgement was entered against him in February 2004 in the amount of $527,249.46.

14.     Plaintiff subsequently registered the judgment from the United States Bankruptcy Court for the District of New Jersey in the Eastern District of Pennsylvania (John P. Capanna v. Francis Martin, U.S.D.C. – E.D.Pa. No. 2:04-MC-00088).

15.     Thereafter, to obviate the need for an entry of judgment, Plaintiff and Defendant Martin entered into a Release and Settlement Agreement ("RSA," which is attached hereto as Exhibit "A") on December 22, 2009.

16.     The RSA provided that Defendant Martin was to make initial payments of $30,000.00 and $150,000.00 and structured payments of $2,250.00 per month, to be paid on the first of each month.

17.     The RSA provided that, if Defendant Martin failed to make any of the payments, he would be in default of the agreement and judgment would be entered against him in the full amount in the matter of John P. Capanna v. Francis Martin, U.S.D.C. – E.D.PA No. 2:04-MC-00088, with credit for all payments up to the date of default by Defendant Martin  and with interest at 6% to be calculated as of the date of the original judgment entered in John P. Capanna v. Francis J. Martin, U.S.D.C. – E.D.Pa.  No. 2:04-MC-00088.

18.     The RSA further provided that Defendant Martin would make a good faith effort in selling his home and that if an insufficient effort was made the Court could find him in default of the agreement.

4

Case ID: 161100886

19.     To date, $125,000.00 of the judgment against Defendant Martin remains outstanding.

20.     Between February 2004 and the present, Defendant Martin acquired sufficient monies to pay the Judgment in full:

      a.    Specifically, Defendant Martin, as executor and sole beneficiary of his parents' estate, received the proceeds from the sales of his parents' residence in Philadelphia, PA and vacation home in Margate, NJ.

      b.    On August 19, 2013, Defendant Martin sold 21 Waterman Avenue, Philadelphia, PA for $1,102,520.

      c.    On September 15, 2010, Defendant Martin sold 6 South Jasper Avenue, Margate, NJ, for $975,000.

      d.    Additionally, on September 11, 2015, Defendant Martin sold 8010 Atlantic Avenue, Margate, NJ, through a straw, for $1,415,000. Defendant Martin testified that part of the proceeds from the sale of 6 South Jasper Avenue funded the purchase of 8010 Atlantic Avenue, in the name of his live-in girlfriend Judith Sturm.

21.     Monies from the sales of these properties that should have gone to satisfy the Judgment did not.

22.     On January 28, 2014, Plaintiff commenced action against Defendant by way of judgment in the Philadelphia Court of Common Pleas (John P. Capanna v. Francis J. Martin, Philadelphia Court of Common Pleas, January Term 2014, No. 140102750) ("the judgment collection action") and filed a Writ of Execution for the remaining $125,000.00.

23.     On June 1, 2016, Defendant Martin testified at deposition in aid of execution in the judgment collection action that he had no assets in his name to satisfy the Judgment.

24.     Defendant Martin further testified at his deposition in aid of execution to his sale of the three properties.

25.     Defendant Martin was vague and elusive about where the proceeds from the sales of 6 South Jasper Avenue and 21 Waterman Avenue went and why they were not used to satisfy the Judgment.

26.     However, with regard to the 8010 Atlantic Avenue property, Defendant Martin testified that he provided all of the funds for the acquisition of the property, and that when it was sold his portion of the proceeds were distributed via wire transfer into the lawyer trust account of Defendant Kline.

27.     Defendant Martin further testified that he periodically receives transfers from Defendant Kline's lawyer trust account to pay for his living expenses.

28.     Upon information and belief, Defendant Kline and Defendant Martin have colluded and continue to collude to secret monies obtained by Defendant Martin through real estate and business dealings in Defendant Kline's escrow account so as to thwart Plaintiff's efforts to collect the monies rightfully owed to him.

**COUNT I**
**Intentionally Fraudulent Transfer in Violation of PUFTA Section 5104**
**(Against All Defendants)**

29.     Paragraphs 1 through 25 are incorporated as if set forth at length herein.

30.     As set forth above, Defendant Martin transferred funds to accounts belonging to Defendant Martin with actual intent to hinder, delay, and defraud Plaintiff Capanna, his creditor, in violation of PUFTA Section 5104.

31.     At the time they transferred the funds, Defendants Martin and Kline knew that judgment had been entered against Defendant Martin.

32.     Defendants Martin and Kline are "insiders" within the meaning of 12 Pa.C.S. §5104(b)1.

33.     Transferring the funds to Defendant Kline's lawyer trust account has enabled Defendant Martin to retain possession, use, and control of, and to continue to receive the benefit from, the funds.

34.     No consideration was given by Defendant Kline in exchange for the transfer of the funds, let alone value that was "reasonably equivalent" to the value of the funds.

35.     The funds from the sale of the Waterman and Atlantic Avenue properties constituted nearly all of Defendant Martin's "assets," as that term is defined in 12 Pa.C.S. §5101(b).

36.     By hiding Defendant Martin's assets in his IOLTA account, Defendant Kline has assisted Defendant Martin in evading Defendant Martin's rightful obligation to satisfy Mr. Capanna's judgment by appearing judgment-proof – while all the while funding his lifestyle through periodic draws from Defendant Kline's IOLTA account.

37.     Pursuant to PUFTA Section 5104, the transfer of the funds was fraudulent as to Plaintiff.

38.     Defendants Martin and Kline's intentional and outrageous conduct merits punitive damages.

WHEREFORE, Plaintiff John Capanna requests that this Honorable Court enter judgment in Plaintiffs favor and against Defendants, as follows:

(a)     Avoiding the transfer of Defendant Martin's funds to the extent necessary to satisfy Plaintiff John Capanna's judgment, inclusive of postjudgment interest, punitive damages, and costs and attorneys' fees associated with Plaintiff's postjudgment execution efforts, including this lawsuit;

(b)     Appointing a receiver to take charge of assets transferred;

7

Case ID: 161100886

(c)     Entering judgement against Defendants Martin and Kline in an amount sufficient to satisfy Plaintiff Capanna's judgment, inclusive of postjudgment interest, punitive damages, and costs and attorneys' fees associated with Plaintiff's postjudgment execution efforts, including this lawsuit, which amount is in excess of the limits for compulsory arbitration;

(e)     Enjoining Defendant Kline from transferring money to any bank accounts belonging to Defendant Martin;

(f)     Awarding all such other relief as this Court deems just and proper.

Respectfully submitted,

Jack Meyerson, Esq. (No.16405)
Edward Skipton, Esq. (No. 309485)
MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103
(215) 972-1376

Date: November 11, 2016

8

Case ID: 161100886

## VERIFICATION

I, John Capanna, hereby verify that I am the plaintiff in this matter and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_____
John Capanna

_____
Date   11/11/16

Case ID: 161100886

Exhibit "A"

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement, dated _____, 2009, is given by and between the Releasor John Capanna, on his own behalf, referred to as "Plaintiff,"; and by and between Francis Martin, known as "Defendant".

1. **PAYMENT.** Defendant has agreed to pay the total sum of $400,000.00 as consideration for this Settlement Agreement, in full settlement of all claims and for the Confidentiality provision set forth in paragraph 4 below. Plaintiff agrees that Plaintiff will not seek anything further, including any other payment, from Defendant. Payment shall be made by Defendant and/or Defendant's counsel. The payment of the $400,000.00 will be made according to the following schedule:

    a.    On or before September 1, 2009, Defendant will remit a check to the office of Meyerson & O'Neill, 1700 Market Street, Suite 3025, Philadelphia, PA 19103 in the amount of $30,000.00 payable to "John Capanna and his attorneys Meyerson & O'Neill;"

    b.    Immediately upon the sale of Defendant's home located at 9001 Crefeld Street, Philadelphia, PA 19118, Defendant will remit a check to Plaintiff and his attorneys in the amount of $150,000.00 payable to "John Capanna and his attorneys Meyerson & O'Neill;"

    c.    Starting on January 1, 2010, and continuing on the first of every month for five (5) years until December 31, 2014, Defendant will remit a check to the office of Meyerson & O'Neill, 1700 Market Street, Suite 3025, Philadelphia, PA 19103 in the amount of $2,250.00 payable to "John Capanna and his attorneys Meyerson & O'Neill," for a total of sixty (60) payments and totaling $135,000.00;

    d.    On or before January 1, 2015, Defendant will remit a check to the office of Meyerson & O'Neill, 1700 Market Street, Suite 3025, Philadelphia, PA 19103 in the amount of $85,000.00 payable to "John Capanna and his attorneys Meyerson & O'Neill."

Defendant's failure to make any of the above payments under the time line described above will result in Defendant being found in default of this agreement, as described below. Upon written notice of default, Defendant shall have seven (7) days to cure such default or otherwise be in breach of this Agreement.

2. **ADDITIONAL TERMS.** In order to facilitate the completion of the terms of payment in this matter, the parties have agreed to certain additional terms, as described herein;

    a.    Defendant shall list his home, at 9001 Crefeld Street, Philadelphia, PA 19118, for sale with a licensed realtor within thirty (30) days of the date of

the signing of this agreement by all parties.  If after one hundred twenty (120) days on the market the house has not sold, Defendant agrees that he will produce, upon request of Plaintiff and/or Plaintiff's counsel, a written update to Plaintiff and/or his counsel regarding the efforts being taken to sell the house, as well as any progress or activity in that regard, including but not limited to copies of all offers to purchase.  If Defendant fails to provide such a written update or the written update appears to be deficient, Plaintiff may petition the Court to intervene and inquire about the legitimacy of the efforts being taken by Defendant to sell the home.  If the Court determines that insufficient good faith efforts are being made, then Defendant will be in default of this agreement.  If the Court determines that sufficient efforts have been made, Plaintiff may again inquire with Defendant on a monthly basis thereafter, until the house is sold, and can seek the intervention of the Court if Defendant fails to produce a sufficient timely update to Plaintiff on the efforts to sell the house.  Plaintiff's debt of $150,000.00 to be satisfied upon sale of the home, as described above, must be satisfied at the closing table for the sale of the home.  In that regard, Defendant will notify Plaintiff's counsel of the date of closing on the sale of the home at least five (5) days prior to the date of closing. Defendant will notify the title company and obtain a check for Plaintiff's counsel at the closing.

b.   After the first payment of $30,000.00, Plaintiff agrees to file paperwork seeking to vacate the judgment in the instant case, John P. Capanna v. Francis J. Martin, U.S.D.C.-E.D.Pa. No. 2:04-MC-00088, within ten (10) business days.

c.   The parties agree that if Defendant Martin defaults in any way in his obligations under the terms of this agreement, and otherwise fails to cure pursuant to paragraph 1 above, Defendant Martin consents to the entry of a judgment in the full amount of the judgment in the matter of John P. Capanna v. Francis J. Martin, U.S.D.C.-E.D.Pa. No. 2:04-MC-00088, with credit for any and all payments up to the date of default by Defendant Martin, with interest at 6% (pursuant to PA law), to be calculated as of the date of the original judgment entered in John P. Capanna v. Francis J. Martin, U.S.D.C.-E.D.Pa. No. 2:04-MC-00088.

d.   The parties agree that the Honorable Faith Angell, U.S. Magistrate Judge will retain jurisdiction over this matter until the debt is fully discharged. Any and all issues under the terms of this Agreement will be brought to her attention.  If Judge Angell is no longer on the bench at any time during the pendency of this matter, the parties will agree to the reassignment of the matter to another U.S. Magistrate or District Judge, pursuant to the procedures of the U.S. District Court for the Eastern District of PA.

**3. INDEMNIFICATION.** To the extent that Plaintiff received funds from the Pennsylvania Lawyers Fund for Client Security Fund ("Fund") and the Fund makes any claim against Defendant, Plaintiff's shall indemnify and hold Defendant harmless in connection with such claim, to the extent agreed with the Fund in a letter dated November 5, 2009 (a copy of that letter is attached hereto as Exhibit "A."). Specifically, Plaintiff has agreed to pay back the Fund in the amount of $30,000.00 and will indemnify and hold harmless Defendant in connection with that amount. The remaining balance of $45,000.00 will be waived by the Fund. However, Defendant understands and agrees that if in the future he chooses to seek the reinstatement of his license to practice law in the Commonwealth of Pennsylvania, that under Rule 531 of the Pennsylvania Rules of Disciplinary Enforcement, he will be solely responsible for the payment of whatever amount is required of him by the Fund.

**4. EVENT OF DEATH OF ONE OR BOTH PARTIES.** Plaintiff and Defendant agree that if Plaintiff predeceases the termination of liabilities under this Agreement, that Defendant shall continue to make the required payments and will be bound by the terms of this Agreement as to Plaintiff's Estate. Furthermore, if Defendant predeceases the termination of liabilities under this Agreement, Defendant's Estate will be responsible for the liabilities of this Agreement and shall make the same payments to Plaintiff or his Estate according the schedule provided herein.

**5. CONFIDENTIALITY.** Plaintiff and Defendant agree that they will keep the contents of this Release and Settlement Agreement confidential and not disclose its terms to any third party including not limited to the news and communications media. Plaintiff may, however, disclose the terms of this Release and Settlement Agreement to their attorneys, auditors or tax planners, financial advisers, direct family members, federal and state tax authorities, or to comply with a court order or any state or federal law. The parties agree that if a potential lender for Defendant inquires with either of them about the status of Defendant's debt to Plaintiff after that time, Plaintiff will only say that the matter was resolved under confidential terms and will direct the lender to Defendant who may divulge the terms of this agreement to that lender. Otherwise, this agreement and its terms are confidential.

**6. WHO IS BOUND.** Plaintiff and Defendant are bound by this Release and Settlement Agreement. Anyone who succeeds to their rights and responsibilities, such as their successors or heirs of an estate are also bound. This Release and Settlement Agreement is made for Plaintiff's and Defendant's benefit and all who succeed to the Plaintiff's and Defendant's rights and responsibilities such as their successors, insurers, heirs or the executor of their estate.

**7. CONSTRUCTION OF AGREEMENT.** This Release and Settlement Agreement shall be governed under the laws of the United States of America, without reference to choice of law rules. The parties consent to the sole jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

**8. DISMISSAL OF LITIGATION, RELEASE AMONG DEFENDANT AND COVENANT NOT TO SUE.** Plaintiff agrees to dismiss with prejudice the matter pending in the United State District Court for the Easter District of Pennsylvania, John P. Capanna v.

Francis J. Martin, U.S.D.C.-E.D.Pa. No. 2:04-MC-00088, as to all parties at the time set by paragraph 2 above. Any claims which were or could have been asserted in that litigation are subject to the release set forth above. Plaintiff agrees that shall not institute any claim, litigation, administrative action or other suit or action against Defendant for any matters which are the subject of this Release and Settlement Agreement. The parties reserve the right to institute litigation to enforce or interpret the terms and conditions of this Release and Settlement Agreement, or for breach of this Release and Settlement Agreement, including the obligation to make payments. Additionally, the parties agree that if Defendant Martin defaults in any way in his obligations under the terms of this agreement and fails to cure the default pursuant to paragraph 1 above, Defendant Martin consents to the entry of a judgment in the full amount of the judgment in the matter of John P. Capanna v. Francis J. Martin, U.S.D.C.-E.D.Pa. No. 2:04-MC-00088, $527,249.46, with credit for any and all payments up to the date of default by Defendant Martin, with interest at 6% (pursuant to PA law), to be calculated as of the date of the original judgment.

**9. NO ADMISSION OF LIABILITY.** It is expressly understood that neither the execution of this Release and Settlement Agreement, nor any other action taken in connection with Plaintiff' alleged claims or this settlement, constitutes an admission by Defendant of any violation of any law, duty or obligation, or an admission of the extent of damages. It is understood that payment hereunder is not to be construed as an admission of liability on the part of the parties release or an admission of coverage.

**10. ENTIRE AGREEMENT.** This Release and Settlement Agreement contains the sole and entire agreement between the parties. The parties both represent and acknowledges that, prior to executing this Release and Settlement Agreement, they each consulted with counsel; that they each had ample time to do so; that they each obtained the advice of counsel prior to making the decision to execute this Release and Settlement Agreement; and that they have not relied upon any representation or statement not set forth in this Release and Settlement Agreement made by any other person including any party, or their counsel or representatives, with regard to the subject matter of this Release and Settlement Agreement. No other promises or agreement shall be binding unless in writing, signed by the parties, and expressly stated to represent an amendment to this Release and Settlement Agreement.

**11. SEVERABILITY.** This parties agree that if any Court declares any portion of the Release and Settlement Agreement unenforceable, the remaining portions shall be enforceable.

**12. COUNTERPARTS.** This Release and Settlement Agreement, and the Release form Exhibit A, may be signed by the parties in counterparts.

(SPACE LEFT INTENTIONALLY BLANK- SIGNATURES ON NEXT PAGE)

**IN WITNESS THEREOF,** the Plaintiff and Defendant have duly executed this Release and Settlement Agreement as of the date set forth below:

JOHN P. CAPANNA

STATE OF _Pennsylvania_
COUNTY OF _Philadelphia_ ss.:

I certify that on _22 of December_, 2009, personally came before me _John Capanna_ and acknowledged under oath, to my satisfaction, that this person(s): (a) is document as his or her act and deed.

Notary Public
Commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathleen A. Wilson, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Oct. 17, 2010
Member, Pennsylvania Association of Notaries

FRANCIS J. MARTIN

STATE OF _New Jersey_
COUNTY OF _Camden_ ss.:

I certify that on _22nd of December_, 2009, personally came before me _FRANCIS J. Martin_, and acknowledged under oath, to my satisfaction, that this person(s): (a) is document as his or her act and deed.

Notary Public
Commission expires:

KRISTIE MICHELLE KENNEY
Notary Public
State of New Jersey
My Commission Expires Feb 8, 2013

**EXHIBIT B**





Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 161100886 |
| **Case Caption:** | CAPANNA VS KLINE ETAL |
| **Filing Date:** | Friday , November 11th, 2016 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | FRAUD |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | MEYERSON, JACK A |
| | **Address:** MEYERSON & ONEILL<br>1700 MARKET STREET SUITE 3025 | | **Aliases:** *none* | | |

| | | | | |
|---|---|---|---|---|
| | PHILADELPHIA PA 19103 (215)972-1376 | | | |
| | | | | |
| 2 | | 1 | PLAINTIFF | CAPANNA, JOHN |
| **Address:** | 81 BRITTANY DRIVE ALBRIGHTSVILLE PA 18210 | **Aliases:** | none | |
| | | | | |
| 3 | | | DEFENDANT | KLINE ESQ, ROBERT M |
| **Address:** | 7219 CRESHEIM ROAD PHILADELPHIA PA 19119 | **Aliases:** | none | |
| | | | | |
| 4 | | | DEFENDANT | MARTIN, FRANCIS J |
| **Address:** | 9001-9007 CREFELD STREET PHILADELPHIA PA 19118 | **Aliases:** | none | |
| | | | | |
| 5 | | | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
| **Address:** | PHILADELPHIA | **Aliases:** | none | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 11-NOV-2016 06:27 PM | ACTIVE CASE | | | 14-NOV-2016 01:38 PM |
| **Docket Entry:** | E-Filing Number: 1611027832 | | | |
| | | | | |

| 11-NOV-2016<br>06:27 PM | COMMENCEMENT OF CIVIL ACTION | MEYERSON, JACK A | | 14-NOV-2016<br>01:38 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br><u>Final Cover</u> | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 11-NOV-2016<br>06:27 PM | COMPLAINT FILED NOTICE GIVEN | MEYERSON, JACK A | | 14-NOV-2016<br>01:38 PM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br><u>Complaint.pdf</u> | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 11-NOV-2016<br>06:27 PM | SHERIFF'S SURCHARGE 2 DEFTS | MEYERSON, JACK A | | 14-NOV-2016<br>01:38 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 11-NOV-2016<br>06:27 PM | WAITING TO LIST CASE MGMT CONF | MEYERSON, JACK A | | 14-NOV-2016<br>01:38 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 09-DEC-2016<br>10:27 AM | AFFIDAVIT OF SERVICE FILED | MEYERSON, JACK A | | 09-DEC-2016<br>10:41 AM |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br><u>Affidavit of Service.pdf</u> | | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | |

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ROBERT M KLINE BY PERSONAL SERVICE ON 12/08/2016 FILED. (FILED ON BEHALF OF JOHN CAPANNA) | | |
|---|---|---|---|

| 09-DEC-2016 12:54 PM | PRAECIPE TO REINSTATE CMPLT | MEYERSON, JACK A | | 09-DEC-2016 01:58 PM |
|---|---|---|---|---|

| **Documents:** | ✧ Click link(s) to preview/purchase the documents<br>Praecipe to Reinstate Complaint.pdf | **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF JOHN CAPANNA) | | |
|---|---|---|---|

| 29-DEC-2016 07:41 PM | AFFIDAVIT OF SERVICE FILED | | | 30-DEC-2016 08:21 AM |
|---|---|---|---|---|

| **Documents:** | ✧ Click link(s) to preview/purchase the documents<br>Affidavit of Service | **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON FRANCIS J MARTIN BY PERSONAL SERVICE ON 12/21/2016 FILED. | | |
|---|---|---|---|

▶ Case Description   ▶ Related Cases   ▶ Event Schedule   ▶ Case Parties   ▶ Docket Entries

Search Home

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CAPANNA | CIVIL ACTION |
| PLAINTIFF, | |
| v. | DOCKET NO: |
| ROBERT M. KLINE, ESQ., and | |
| FRANCIS J. MARTIN | |
| DEFENDANTS | |

## **JOINDER IN REMOVAL**

Robert M. Kline, Esq., named as additional Defendant in the above matter, hereby

consents to the removal and jurisdiction of the United States District Court for the Eastern

District of Pennsylvania of this civil action.

Date: January 20, 2017

Robert M. Kline, Esq.
P.O. Box 18806
Philadelphia, PA 19119
Tel. 215-990-9490

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CAPANNA | CIVIL ACTION |
| PLAINTIFF, | |
| v. | DOCKET NO: **FILED** |
| ROBERT M. KLINE, ESQ., and | JAN 2 0 2017 |
| FRANCIS J. MARTIN | KATE BARKMAN, Clerk<br>By _____ Dep. Clerk |
| DEFENDANTS | |

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing Notice of Removal, by regular first class mail, postage prepaid upon:

Jack Meyerson, Esquire
Meyerson & O'Neill
1700 Market Street
Suite 3025
Philadelphia, PA 19103
Counsel for Plaintiff

Robert M. Kline, Esq.
P.O. Box 18806
Philadelphia, PA 19119
Additional Defendant

Date: January 20, 2017

Francis J. Martin, Defendant, pro se
9001-9007 Crefeld Street
Philadelphia, PA 19118
Tel. 215-242-3864