IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CAPANNA, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | NO. 17-336 |
| ROBERT M. KLINE, ESQ. and : | |
| FRANCIS J. MARTIN, : | |
| : | |
| Defendants. : | |

**Goldberg, J.**                                                                                             September 27, 2017

## MEMORANDUM OPINION

Currently pending in this case is Plaintiff's Motion to Remand for lack of subject-matter jurisdiction. As Defendants have failed to set forth any basis on which I can exercise jurisdiction, I will grant Plaintiff's Motion and remand the case back to state court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2016, Plaintiff John Capanna initiated the instant action by way of a Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania. The Complaint alleged the following facts:

After receipt of a personal injury settlement resulting from a refinery accident, Plaintiff faced significant financial and psychological demands that caused him to enter into Chapter 11 Bankruptcy in the Bankruptcy Court for the District of New Jersey. (Compl. ¶¶ 7—8.) On September 9, 1997, Plaintiff filed a Plan of Reorganization with Bankruptcy Court, which appointed Defendant Francis J. Martin, Plaintiff's cousin and a licensed Pennsylvania attorney, as disbursing agent. (Id ¶ 9.) Shortly after the initiation of the Bankruptcy case, Plaintiff opened a

Debtor-in-Possession bank account for which Martin had sole and exclusive signatory authority. (Id. ¶ 10.) Martin allegedly made numerous money transfers from the Debtor-in-Possession account to his own account, totaling $527,249.56, without authorization from either Plaintiff or the Bankruptcy Court. (Id. ¶ 11.)

In October 2003, Plaintiff discovered Martin's conduct and filed a complaint against him in the United States Bankruptcy Court alleging misappropriation of funds and improper actions with respect to his duties. (Id. ¶ 12.) As Martin never answered Plaintiff's Complaint, the Bankruptcy Court entered a default judgment against him in the amount of $527,249.56. (Id. ¶13.) Plaintiff registered the judgment in the Eastern District of Pennsylvania. (Id. ¶ 14.) To avoid the need for entry of judgment, Plaintiff and Martin entered into a Release and Settlement Agreement ("RSA") on December 22, 2009, which provided that Martin was to make initial payments of $30,000 and $150,000, as well as structured payments of $2,250 on the first of each month. (Id. ¶¶ 15–16.) The RSA further provided that Martin's failure to make any payments would render him in default of the agreement and result in the Court's entry of judgment against him in the full amount. (Id. ¶ 17.) Finally, the RSA mandated that Martin make a good faith effort to sell his home and that a failure to do so could render him in default of the agreement. (Id. ¶ 18.)

To date, $125,000 of the judgment against Martin remains outstanding. (Id. ¶ 19.) The Complaint alleges that, between February 2004 and the present, Martin sold several properties allowing him to acquire sufficient funds to pay the judgment in full. (Id. ¶ 20.) Nonetheless, he has not paid the judgment and, on January 28, 2014, Plaintiff commenced action against him in the Philadelphia Court of Common Pleas seeking a writ of execution for the remaining $125,000. (Id. ¶ 22.) On June 1, 2016, Martin testified at a deposition in aid of execution that he had no assets in his name to satisfy the judgment. (Id. ¶ 23.) He further testified that, with regard to one of the sold properties, he provided all funds for the original acquisition of the property and that, when it

was sold, his portion of the proceeds were distributed via wire transfer into the lawyer trust account of Defendant Robert M. Kline. (Id. ¶ 26.) He explained that he periodically received transfers from Kline's lawyer trust account to pay for his living expenses. (Id. ¶ 27.)

Plaintiff commenced an action in the Philadelphia County Court of Common Pleas against both Kline and Martin, alleging that they colluded to secret monies obtained by Martin through real estate and business dealings in Kline's escrow account so as to thwart Plaintiff's efforts to collect monies owed to him. (Id. ¶ 28.) The state court complaint set forth a single cause of action under Pennsylvania's Uniform Fraudulent Transfer Act ("PUFTA"), 51 Pa.C.S. § 5101, et seq.

Following their receipt of a Notice of Default in the state court action, Defendants moved to remove the lawsuit to federal court. On February 3, 2017, Plaintiff filed the instant Motion to Remand the matter back to state court and Defendants responded on February 17, 2017.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Dietz v. Avco Corp., 168 F. Supp. 3d 747 (E.D. Pa. 2016) ("As the party asserting jurisdiction, the defendants have the burden of showing at all stages of the litigation that the case is properly before the federal court.") (quoting Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c); see also Boggs v. Harris, 226 F. Supp. 3d 475, 480–

3

81 (W.D. Pa. 2016). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208 (3d Cir. 1997). On a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); see also Boyer, 913 F.2d at 111 (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868). This rule "'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (quoting Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). "[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (internal citations omitted).

"The basic statutory grants of federal-court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006). Section

1331 provides for "federal question" jurisdiction. 28 U.S.C. § 1331. Federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction only exists "when a federal claim appears in the complaint." Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) (citation omitted). Section 1332, on the other hand, allows for jurisdiction to be premised on "diversity of citizenship." 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Citizenship of a natural person is determined by the state of his or her domicile. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).

Neither of these provisions applies to this case. As the sole cause of action in the Complaint is a claim under Pennsylvania's Uniform Fraudulent Transfer Act, there is no "federal question." Moreover, as Plaintiff's Complaint explicitly alleges that he, Martin, and Kline are all citizens of Pennsylvania, (Compl. ¶¶ 2–4), diversity of citizenship does not exist.

Tacitly acknowledging the absence of either of these bases for subject matter jurisdiction, Defendants argue that "[p]ursuant to Kokkonen v. Guardian Life Ins. Co. v. Am., 511 U.S. 375 (1994), a court may retain jurisdiction for purposes of enforcing the terms of a settlement agreement." (Defs.' Mem. Supp. Opp'n Mot. to Remand 3.) They contend that Plaintiff's state court action is nothing more than a continuing attempt to collect a judgment that resulted from a settlement agreement entered into by this Court. As this Court retained jurisdiction for any and all issues related to the agreement and as the claims in this case are factually interdependent with the prior federal court actions, Defendants assert that the case is properly removed to this Court pursuant to the retention of jurisdiction as contained in the RSA.

Defendants' argument disregards the well-established principle that federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial

5

decree." Kokkonen, 511 U.S. at 377. "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. "[A] district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute." Washington Hosp. v. White, 889 F.2d 1294, 1298-99 (3d Cir. 2004). Indeed, regardless of whether both parties wish for the federal court to retain indefinite jurisdiction to enforce their settlement agreement, "parties may not confer subject matter jurisdiction by consent." Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citations omitted).

Here, the mere fact that this action is factually related to the RSA does not confer subject matter jurisdiction on this Court. Indeed, Plaintiff is not suing to enforce either the RSA or any judgment from the Bankruptcy Court, but rather is separately challenging, under PUFTA, alleged fraudulent conveyances between the two Defendants. As such, Defendants must establish that one of the independent bases of federal jurisdiction set forth above is present. Because they have failed to do so, I must remand this case to state court.

An appropriate Order follows.